OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff Lori Allen appeals a judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, which made appellee Joe Murphy the residential parent of the parties' two minor children. Appellant assigns a single error to the trial court:
 {¶ 2} "In awarding custody of cory and stephanie allen to their father under the circumstances of this case, the court erred because such award was not in the best interest of cory and stephanie."
 {¶ 3} The record indicates the trial court found appellee Joe Murphy to be the natural father of the two children on June 14, 1995. The court established temporary support and visitation orders and named appellant, the children's mother, the residential parent. There followed a stormy relationship between the parents, culminating in appellant's motion to modify visitation filed on May 29, 2001, wherein appellant sought to terminate visitation because appellee presented a danger to his children. In response, appellee filed a motion to modify custody, a motion for psychological evaluation, a motion to modify visitation, and a motion to find appellant in contempt. During the pendency of these various motions, the trial court ordered the guardian ad litem to attend the visitations. After some delay, the trial court received psychological reports, but not before appellee filed additional motions for contempt on June 17, 2002, October 18, 2002, and February 10, 2003. On April 11, 2003, the magistrate filed his decision, recommending appellee should be the residential parent. The magistrate noted the children were suffering from mental ailments as a result of the one-sided war prosecuted by appellant against appellee, and appellant had engaged in what the magistrate referred to as "the worst sort of parental alienation" in that she had created "an alternate sphere of reality" and had convinced the children they were victims of abuse. The magistrate found appellee did not conceal his contempt for appellant.
 {¶ 4} The magistrate found appellant had not secured therapeutic treatment for the children as called for by experts and court order, and she is mentally unbalanced and likely to remain so.
 {¶ 5} Appellant filed her objections to the magistrate's decision on April 25, and shortly thereafter, also filed a motion to suspend visitation, alleging appellee had been physically violent with his son during visitation on May 3, 2003.
 {¶ 6} On September 12, 2003, the trial court overruled appellant's objections, and named appellee as the residential parent of the children. This appeal ensued.
 {¶ 7} Appellant argues the trial court's judgment is contrary to the best interest of the children. She asserts although the record contains evidence she has mental and emotional problems, she is nevertheless a good parent and in fact, a better parent than appellee. Appellant suggests the trial court's order transferring custody of the children from her to appellee was prompted by her non-compliance with the trial court's orders for visitation and counseling, and was intended to punish appellant rather than promote the best interest of the children.
 {¶ 8} In response, appellee urges this issue is not properly before this court. Civ. R. 53 requires a party to state objections to a magistrate's report with specificity and to state the grounds of the objections with particularity. Appellant's objection urged the trial court that the magistrate's decision was not supported by the evidence adduced at the hearing, and indicated appellant would provide more specificity after the transcript of proceedings was prepared. Appellant did not file any more specific objections, and the trial court found appellant's objections were vague and did not meet the specificity requirement of Juv. R. 40.
 {¶ 9} We decline to reject appellant's assignment of error on this basis. We will address the merits of the appeal.
 {¶ 10} In general, the Supreme Court has ordered reviewing courts to apply an abuse of discretion standard to trial court judgments in domestic relations cases, see Booth v. Booth
(1989), 44 Ohio St.3d 142. The Supreme Court specifically made the abuse of discretion standard applicable to custody proceedings in Miller v. Miller (1988), 37 Ohio St.3d 71. The Supreme Court has often held a trial court must have discretion to do what is equitable under the facts and circumstances of each case, see Cherry v. Cherry (1981), 66 Ohio St.2d 348. The Supreme Court has defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary or unconscionable, see, e.g. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 11} We have reviewed the record, and we find the trial court did not abuse its discretion in finding that placing the children with their father was in their best interest.
 {¶ 12} The assignment of error is overruled.
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Edwards, J., concur.
 {¶ 14} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, is affirmed. Costs to appellant.